UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 06-92 (JBS) |
| v. | |
| ANTHONY MCFADDEN, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, Chief Judge:**

This matter came before the Court upon motion by Anthony McFadden, through his attorney, Julie A. McGrain, Esquire, Research and Writing Attorney, Federal Public Defender's Office, seeking early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). [Docket Item 88]. The Court has also considered the letter in opposition submitted by Assistant U.S. Attorney Jason Richardson [Docket Item 89], arguing that Mr. McFadden still has approximately two years remaining on his five year period of supervised release and that he presents no extraordinary reason for his request to terminate. The Court has also considered Defendant's reply to the Government's opposition [Docket Item 90], and the updating letter from defense counsel confirming that Defendant has paid his fine in full [Docket Item 91], together with the letter from Pastor Dexter Polnitz [Docket Item 92] and the status update of defense counsel [Docket Item 100]. The Court finds

good cause to grant early termination of supervised release for the following reasons:

1.      On August 4, 2006, this Court sentenced Anthony McFadden to imprisonment for a term of 168 months, supervised release for a term of five years, a fine of $1,000.00, and a special assessment of $100, arising from his conviction for conspiracy to distribute and to possess with intent to distribute crack-cocaine.  His sentence was later twice reduced due to amendments to the Sentencing Guidelines regarding crack-cocaine, to a total sentence of 120 months of imprisonment and five years of supervised release.

2.      Defendant McFadden was released to a halfway house on June 19, 2013, and he began serving his term of supervised release on December 13, 2013.  He has successfully completed more than three years of his supervised release.  He has paid his fine in full and complied with all terms of his supervision.  He has never tested positive for illegal substances, he has a supportive and loving relationship with his family and his fiancé, he has maintained a stable residence, and he has been gainfully employed as a personal trainer since his release from prison.  [Defendant's Memorandum of Law, ¶ 6].

3.      On March 10, 2014, Defendant's girlfriend, Tiffany Brotherton, gave birth to the couple's daughter, Samiyah, and the couple are also raising Mr. McFadden's daughter from a previous relationship, Anique.  [Id., ¶ 8].

4.      Mr. McFadden has established his own personal training business and has spoken while under supervision to students at Camden High School

and Woodrow Wilson High School about the dangers of drugs and the importance of staying in school.  [Id., ¶ 10].  The Court notes news reports that drop-out rates at both schools have declined in the past three years, and efforts of persons such as Mr. McFadden may have played a role in this favorable development.

5. McFadden seeks early termination of his supervision in order to allow him to relocate his family to Maryland where Ms. Brotherton grew up and where her extended family still resides, who would be able to assist with child care, and also to expand his business in Maryland.

6. The Government opposes, pointing out that McFadden is merely doing what is expected of him as a person under the supervision of the U.S. Probation Office, which the Government deems "insufficient ground for altering a sentence." [Government Brief at ¶ 2].  The Government quotes the Third Circuit's nonprecedential decision in United States v. Laine, 404 F. App's 571, 573-74 (3d Cir. 2010) (per curiam) as stating:  "Simple compliance with the conditions of supervised release are expected and not exceptional." Id. (upholding denial of motion to terminate supervised release and finding no basis to disregard appellate waiver provision in the plea agreement.)

7. The decision whether to grant early termination of probation is discretionary, and is generally warranted by the conduct of the defendant and the interest of justice.  Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (decision whether to grant early termination of supervised release is discretionary).  While the Court agrees that a defendant need not show

"extraordinary" circumstances to merit a reduction of supervised release, the statute requires the defendant to show "that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).

8.   The Court finds that Mr. McFadden has met this burden through his conduct and through his plans to move to Maryland to better support and sustain his family.  For six months of halfway house and almost 37 months of supervised release, McFadden has not only complied with the conditions of his supervision but he has progressed in employment, responsibility, and respect for the law far beyond the young man who committed his crime in 2005.  The Probation Department's resources would be better used to supervise other offenders.  The Probation Department takes no position on this motion, but does confirm Mr. McFadden's continuing compliance and progress.

Accordingly, the Defendant's motion will be granted and his supervised release will be terminated, as set forth in the accompanying Order.

**January 5, 2017**　　　　　　　　　　　　s/ Jerome B. Simandle
Date　　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge